WILLIAM S. WILLIAMS, Appellant, *v.* JOHN REIL *et al.,* Appellees.

#### APPEAL FROM BUREAU.

In an action of trespass, unless the act complained of is willful, vindictive damages cannot be given.

THIS suit was originally brought by appellees against appellant, before a justice of the peace. The summons was as follows:

STATE OF ILLINOIS, } ss.
    BUREAU COUNTY,

The People of the State of Illinois to any Constable, greeting: You are hereby commanded to summon William S. Williams to appear before me at my office in Milo, on the 17th day of January, 1857, at 7 o'clock P. M., to answer the complaint of John and Thomas Reil, for trespasses on personal property, to their damage $100 — a certain demand not exceeding $100 — and hereof make due return as the law directs.

Before the justice the plaintiffs filed a statement of their cause of action, as follows:

THOMAS AND JOHN REIL }
    *vs.*      *Justice's Court, Milo, Bureau County.*
WILLIAM S. WILLIAMS. }

Trespass on personal property. Damages, $100.

The gist of this action is, in that the defendant's cattle and hogs, between the first of May, 1856, and December of the same year, destroyed the plaintiffs' crops to the damage of $100. The appellees recovered a judgment before the justice; Williams appealed to the Circuit Court.

The transcript of the justice states the action to be an action of trespass on personal property.

The jury found a verdict for the plaintiffs, in the Circuit Court.

The defendant moved for a new trial, which motion the court overruled, and the defendant excepted.

This cause was heard before BALLOU, Judge, at September term, 1857.

GLOVER & COOK, for Appellant.

M. T. PETERS, for Appellees.

BREESE, J. The ninth instruction asked by the defendant, in these words: "If the jury should find the defendant guilty, they

should not allow the plaintiffs damages beyond what they really sustained by the defendant's cattle and hogs trespassing, unless it is proved that the defendant was willing that his cattle and hogs should trespass upon the plaintiffs' crops," should have been given by the court.

It states the true rule, as we understand it, in such cases, that unless the trespass was willful, vindictive damages cannot be given. The court should so have instructed the jury.

The judgment is reversed, and the cause remanded for further proceedings in conformity to this opinion.

*Judgment reversed.*